UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER MENGEL,

      Petitioner,              Civil No. 2:17-CV-13471
                                      HONORABLE GEORGE CARAM STEEH
      v.                           UNITED STATES DISTRICT JUDGE

MICHIGAN PAROLE BOARD,

      Respondent.
_____/

### OPINION AND ORDER (1) AMENDING CAPTION, (2) HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND (3) ADMINISTRATIVELY CLOSING THE CASE

Peter Mengel, ("Petitioner"), presently on parole supervision with the Michigan Parole Board through the Ionia County Probation Office in Ionia, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for attempted assault with intent to do great bodily harm, M.C.L.A. § 750.84, and attempted assault by strangulation, M.C.L.A. § 750.841b.

Petitioner filed a motion to stay the proceedings and to hold the petition in abeyance to permit him to return to the state courts to present additional claims that have not been exhausted with the state courts and that are not being raised in the current habeas petition.

-1-

For reasons stated below, the Court amends the caption to reflect the fact that petitioner is now on parole. The Court grants petitioner's motion, holds the petition in abeyance, and stays the proceedings under the terms outlined in this opinion to permit petitioner to return to the state courts to exhaust his additional claims. The Court administratively closes the case.

## I. Background

Petitioner pleaded *nolo contendere* in the Ionia County Circuit Court. Petitioner was sentenced to nineteen months to five years in prison. Petitioner's plea and sentence were affirmed on appeal. *People v. Mengel*, No. 334224 (Mich. Ct. App. Oct. 10, 2016), *lv. den.* 500 Mich. 1001, 895 N.W.2d 179 (2017), *reconsideration denied*, 901 N.W.2d 389 (Mich. 2017).

Petitioner filed his application for writ of habeas corpus, seeking relief on the grounds that he raised in the state courts on his direct appeal. Petitioner also filed a motion to hold the habeas petition in abeyance to return to the state courts to exhaust additional claims.

## II. Discussion

As an initial matter, petitioner named Lori Gidley, the warden of the Central Michigan Correctional Facility, where petitioner had been incarcerated, as the respondent. The Michigan Department of Corrections'

Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger*, 323 F.Supp.2d 818, 821, n. 3 (E.D.Mich.2004), indicates that petitioner was paroled on August 29, 2017. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of a paroled habeas petitioner would be the parole board. *Belser v. Michigan Parole Bd.*, No. CIV. 06-CV-10714, 2006 WL 986956, at *1 (E.D. Mich. Apr. 12, 2006). The Court amends the caption to reflect that the proper respondent is now the Michigan Parole Board.

A federal district court has the authority to stay fully exhausted federal habeas petitions pending the exhaustion of additional claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002)(holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *See also Bowling v. Haeberline,* 246 F. App'x. 303, 306 (6th Cir. 2007)(a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served")(quoting *Nowaczyk*, 299 F. 3d at 83); *See also Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943 (E.D. Mich.

2015). Indeed, although there is no bright-line rule which prevents a district court from dismissing a fully-exhausted habeas petition because of the pendency of unexhausted claims in state court, for a federal court to justify departing from the "heavy obligation to exercise jurisdiction," there must be a compelling reason to prefer a dismissal over a stay. *Nowaczyk*, 299 F.3d at 82 (internal quotation omitted); *See also Bowling,* 246 F. App'x. at 306 (district court erred in dismissing petition containing only exhausted claims, as opposed to exercising its jurisdiction over petition, merely because petitioner had independent proceeding pending in state court involving other claims).

The Court grants petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust. The outright dismissal of the petition, albeit without prejudice, might prevent petitioner from re-filing his habeas petition after the exhaustion of these additional claims due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as is the case here, but a second, exhausted habeas petition could be time barred by the AEDPA's

statute of limitations. *See Hargrove v. Brigano,* 300 F.3d 717, 720-21 (6th Cir. 2002).

Other considerations merit holding the petition in abeyance while petitioner exhaust his new claims in the state courts. Specifically, "the Court considers the consequences to the habeas petitioner if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the petitioner subsequently seek habeas relief on the claims the state courts rejected, he would have to clear the high hurdle of filing a second habeas petition." *Thomas,* 89 F. Supp. 3d at 942 (citing 28 U.S.C. 2244(b)(2)). Moreover, "[I]f this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id.*

Other considerations support the granting of a stay. This Court is currently unable to determine whether petitioner's new claims have any merit, thus, the Court cannot say that petitioner's claims are "plainly meritless." *Thomas,* 89 F. Supp. 3d at 943. Nor, on the other hand, can the Court at this time say that petitioner's new claims plainly warrant habeas relief. *Id.* If the state courts were to deny petitioner post-conviction relief,

this Court would still benefit from the state courts' adjudication of these claims to determine whether to permit petitioner to amend his petition to add these claims. *Id.* Finally, this Court sees no prejudice to respondent in staying this case, whereas petitioner "could be prejudiced by having to simultaneously fight two proceedings in separate courts and, as noted, if this Court were to rule before the state courts, [petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements" should he seek habeas relief on his new claims. *Thomas,* 89 F. Supp. 3d at 943.

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). To ensure that there are no delays by petitioner in exhausting state court remedies, this Court imposes time limits within which petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow petitioner to initiate post-conviction proceedings in the state courts. This tolling is conditioned upon petitioner initiating his state post-conviction remedies within ninety

days of receiving this Court's order and returning to federal court within ninety days of completing the exhaustion of state court post-conviction remedies. *Hargrove,* 300 F. 3d at 721.

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Ionia County Circuit Court under M.C.R. 6.502. *See Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

### III. ORDER

**IT IS HEREBY ORDERED** that the proceedings are **STAYED** and the Court will hold the habeas petition in abeyance. Petitioner must file a motion for relief from judgment in state court within ninety days of receipt of this order. He shall notify this Court in writing that such motion papers have been filed in state court. If he fails to file a motion or notify the Court that he has done so, the Court will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will

proceed to adjudicate only those claims that were raised in the original petition. After petitioner fully exhausts his new claims, he shall file an amended petition that includes the new claims within ninety days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in petitioner's original habeas petition.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas,* 89 F. Supp. 3d at 943-944.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

Dated: October 26, 2017

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 26, 2017, by electronic and/or ordinary mail and also on Peter Mengel #872760, Central Michigan Correctional Facility, 320 N. Hubbard, St. Louis, MI 48880.

s/Barbara Radke
Deputy Clerk